IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN<br><br>Plaintiff<br><br>V.S.<br><br>MUNICIPALITY OF JUANA DÍAZ<br><br>Defendant | CIVIL CASE NO.:<br><br><br><br>AMERICANS WITH DISABILITIES ACT |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

**COMES NOW** the Municipality of Juana Díaz, through the undersigned counsel and very respectfully **SETS FORTH** and **PRAYS:**

On April 30, 2022, plaintiff filed, before the Puerto Rico Court of First Instance, Ponce Superior Section[1], an action for relief under Title II of the Americans with Disabilities Act (hereinafter referred to as "ADA"), 42 U.S.C. § 12131, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the Municipality of Juana Díaz, alleging that the sidewalks within the city do not comply with the statute. See **Exhibit 1**. Process was served on July 8, 2022. See **Exhibit 2**.

It is axiomatic that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

---

[1] The case was docketed as Civil Case No. PO2022CV01119.

district and division embracing the place where such action is pending". 28 U.S.C. § 1441(a). It is plain from the face of the pleadings filed by plaintiff in the local court that this Honorable Court has original jurisdiction over the claims asserted therein. In other words, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court". City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).

Under 28 U.S.C. § 1331, federal courts are clearly empowered to hear "actions arising under the Constitution, laws, or treaties of the United States". Both the ADA and the Rehabilitation Act are congressional enactments and therefore within the purview of federal question jurisdiction. Plaintiff is aware of this fact, as he has been a party to over two dozen ADA lawsuits before this Honorable Court, some of which were originally filed in this jurisdiction and other that have arrived via removal.

Finally, we do point out that removal jurisdiction also hinges upon the unanimous consent of all defendants. 28 U.S.C. § 1446(b)(2)(A). This is a non-issue in this case in which the appearing party is the only defendant. Likewise, the foregoing notice is timely pursuant to 28 U.S.C. § 1446(b)(1), as it is being filed within the applicable 30-day period from the date of service. Notice will be served on both the plaintiff and the Puerto Rico Court of First Instance as required under 28 U.S.C. § 1446(d).

**WHEREFORE**, it is respectfully requested from this Honorable Court that it assume jurisdiction over the instant case, up until the entry of a final judgment.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, and will be served on plaintiff through his attorney of record, **José C. Vélez-Colón, Esq.** (jvelez@velezlawgroup.com) and on the Puerto Rico Court of First Instance filed through the SUMAC electronic filing system.

In San Juan, Puerto Rico this 21 day of July, 2022.

**RESPECTFULLY SUBMITTED,**

**M.L. & R.E. LAW FIRM**
Cobian's Plaza, Suite 404
1607 Ponce De León Ave.
San Juan, Puerto Rico 00909
Tel (787) 999-2972

*S/Jorge Martínez-Luciano*
**JORGE MARTÍNEZ-LUCIANO**
USDC-PR Number 216312
e-mail: jorge@mlrelaw.com

*S/Emil Rodríguez-Escudero*
**EMIL RODRÍGUEZ-ESCUDERO**
USDC-PR Number 224312
e-mail: emil@mlrelaw.com