**Exhibit 1**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE PONCE**

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>**Parte Demandante**<br><br>v.<br><br>MUNICIPIO DE JUANA DIAZ<br><br>**Parte Demandada** | **CIVIL NÚM:**<br><br><br><br>**SOBRE: DAÑOS; PETICIÓN DE ORDEN** |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece el señor Faustino Xavier Betancourt Colón (en adelante "Parte Demandante" o "Faustino Betancourt"), a través de la representación legal que suscribe, y muy respetuosamente **ALEGA, EXPONE** y **SOLICITA:**

**INTRODUCCIÓN**

1. En este procedimiento se solicita, entre otros remedios, un interdicto permanente (no preliminar) al amparo de la Sección 504 del Rehabilitación Act, 29 U.S.C. § 794, así como el Titulo II de la Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 ("ADA"), ya que el **sistema de aceras** del Municipio de Juana Díaz, visto como un todo, no es accesible para las personas con impedimentos. Es necesario un interdicto permanente porque el Demandado no tiene políticas, métodos o procedimientos para

1

darle mantenimiento a su sistema de aceras, de modo que estas puedan ser accesibles para todas las personas con limitaciones de movimiento.

2. Todos los hechos que dan lugar a esta acción civil tienen lugar en Municipio de Juana Díaz, Puerto Rico.

3. Aunque más abajo se citan fuentes primarias del Derecho, este Tribunal podría utilizar la siguiente fuente secundaria para relacionarse con las obligaciones de toda entidad pública estatal o municipal bajo el Titulo II de la Americans with Disabilities Act: <u>ADA Title II Action Guide for State and Local Governments</u>.[1] Los individuos tienen un derecho a reclamar bajo el Titulo II de la ADA. Esa es la posición del Departamento de Justicia de Los Estados Unidos.[2]

## PARTES

4. El Demandante, el señor Faustino Xavier Betancourt Colón es una persona natural, cuya dirección es: RES Los Lirios, 11 Calle Teresa Jornet, Edificio 12, Apartamento 34, San Juan (Cupey), Puerto Rico. Su número de teléfono es: (787) 348-7280.

5. El señor Faustino Xavier Betancourt Colón, es Parte Demandante en este proceso porque tiene justa causa para creer que el sistema de aceras del Municipio de Juana Díaz, como un todo, no es accesible para las personas que tienen movilidad

---

[1] Véase https://www.adaactionguide.org/ada-title-ii-requirements.
[2] Véase: <u>DRAYTON V. MCINTOSH COUNTY INTERVENOR'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS</u>. Véase, además, <u>Orden</u> en el mismo caso: https://www.justice.gov/crt/file/870311/download.

limitada. Específicamente, el sistema de aceras no cumple con las disposiciones legales aplicables bajo las leyes federales conocidas como Americans with Disabilities Act y Rehabilitation Act, que requieren que el sistema de aceras sea accesible para las personas que tienen limitaciones de movilidad.

6. El Demandado, el Municipio de Juana Díaz es una persona jurídica y entidad gubernamental.

### PRIMERA CAUSA DE ACCIÓN:
### TITULO II DE LA AMERICANS WITH DISABILITIES ACT Y SECCIÓN 504 DE LA REHABILITATION ACT

7. Las aceras públicas tienen que ser accesible para las personas con impedimento por imperativo del Título II de la ley federal conocida como Americans with Disabilities Act. En el procedimiento civil federal <u>Faustino Xavier Betancourt Colón, et al v. City of San Juan</u>, Case No. 19-1837 (GAG) (D.P.R. Nov 12, 2020),[3] el Juez Gustavo A. Gelpí resolvió:

> After reviewing the parties' submissions and applicable law, notably the Statement of Interest submitted by the United States, the Court rules that a public entity's provision and **maintenance of sidewalks is a covered "service, program, or activity"** under Title II of the ADA, 42 U.S.C. § 12132. The Court is persuaded by the reasoning in <u>Frame v. City of Arlington</u>, 657 F.3d 215 (5th Cir. 2011) and <u>Barden v. City of Sacramento</u>, 292 F.3d 1073 (9th Cir. 2002), which thoroughly explain why this ruling is supported by the statute's plain language and its implementing regulations. See also 28 C.F.R. §§ 35.104; 35.150(d)(2); 28 C.F.R. Part 35, App. B at § 35.150. Finally, the Court highlights that recent district court decisions have also found that sidewalks are covered services under Title II of the ADA. See <u>American Council of the Blind of the City of New York v. City of New York</u>, Civil No. 18-5792 (PAE), 2020 WL 6151251 (S.D.N.Y. 2020); <u>Hamer v. City of Trinidad</u>, 441 F. Supp. 3d 1155 (D. Colo. 2020); <u>Mote v. City of Chelsea</u>, 252 F. Supp. 3d 642 (E.D.

---

[3] Véase también, Declaración de Interés de los Estados Unidos de América en apoyo a la posición del señor Betancourt. https://www.ada.gov/betancourt_soi.html

3

Mich. 2017). The undersigning judge firmly decides that: "[a]ny sensible reading of ADA Title II compels the conclusion that maintaining public pedestrian thoroughfares for citizens to get around a city - and access the many public services and businesses located within - is the archetypal example of the most fundamental of public services." Mote, 252 F. Supp. 3d at 655. (énfasis nuestro).[4]

8. Conforme a lo resuelto por el Tribunal Supremo de los Estados Unidos en Uzuegbunam v. Preczewski, 592 U.S. ___ (2021), 2021 WL 850106 (March 8, 2021), se solicita una declaración a los fines de que el Municipio de Juana Díaz ha violado la ley y una imposición de daños nominales bajo la ADA y la Rehabilitation Act. En Uzuegbunam,[5] se le prohibió a un estudiante predicar en el campus de la Universidad de Georgia cuando este era estudiante. En una decisión de 8-1 en Uzuegbunam, el Tribunal Supremo de los Estados Unidos concluyó que Chike Uzuegbunam podía reclamar daños nominales al Georgia Gwinnett College, aun cuando la universidad cambió su política discriminatoria en respuesta a la acción civil incoada por este. El juez Clarence Thomas fue el autor de la opinión mayoritaria y los jueces Samuel Alito, Stephen Breyer, Amy Coney Barrett, Neil Gorsuch, Elena Kagan, Brett Kavanaugh y Sonia Sotomayor también se unieron a la opinión mayoritaria, que puso fin a la práctica de "tactical mootness" en el contexto de las causas de acción federal. Esta práctica consiste en alegar que una violación de derechos se ha tornado académica con el fin

---

[4] Véase, además, https://www.noticel.com/tribunales/ahora/top-stories/20201115/gobierno-federal-dice-san-juan-debe-arreglar-sus-aceras-para-beneficio-de-personas-con-discapacidad/

[5] Brown v. Board of Education, 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954).

4

luego solicitar la desestimación de la totalidad de la Demanda. Si bien un reclamo de interdicto puede tornarse académico si se cumplen todos los requisitos de la doctrina y sus excepciones, el reclamo de todas maneras puede quedarse vivo mediante un reclamo de daños nominales. Los daños nominales representan una victoria concreta para el reclamante y sirven además como base para determinar quién es la parte prevaleciente en el procedimiento civil. En este caso, se solicita la imposición de daños nominales bajo la (i) ADA y (ii) bajo la Rehabilitation Act.

9. El Demandante, el señor Faustino Xavier Betancourt Colón es una persona que sufre de una discapacidad física permanente que limita sustancialmente varias de sus actividades cotidianas principales. La discapacidad física es: insuficiencia cardiaca (congestive heart failure, 20% heart function), hidrocefalia, anormalidades del pie, obesidad. Estas condiciones o "impairments" limitan sustancialmente al señor Betancourt Colon, dicha discapacidad física limita sustancialmente (en comparación con la mayoría de la población) principalmente las siguientes actividades principales cotidianas o del diario vivir: caminar, estar de pie, inclinarse, trabajar y otras que enciclopedias, diccionarios y tratados médicos autoritativos han relacionado con la discapacidad antes mencionada. De igual manera, el señor Faustino Xavier Betancourt Colón tiene un extenso historial médico sobre estas condiciones.

10. El Municipio de Juana Díaz es una entidad pública, según definido por el Titulo II de la Americans with Disabilities Act.

11. El sistema de aceras del Municipio de Juana Díaz, visto como un todo, no es accesible para las personas que tienen dificultades de movilidad, como las personas que utilizan silla de ruedas, andador o bastón. Existen muchas aceras donde no hay rampas de aceras (curb ramps), aceras que tienen obstrucciones físicas que impiden el libre paso y aceras que tienen hoyos, *cracks*, o que no son firmes o estables. Dicha descripción es una muestra representativa de la condición de las aceras en el Municipio de Juana Díaz, además de las aseveraciones mencionadas en los numerales anteriores.

12. El Municipio de Juana Díaz tiene una política, práctica o patrón de discriminar en contra de las personas con discapacidades que necesitan utilizar las aceras del Municipio de Juana Díaz. A modo de ejemplo, el Municipio de Juana Díaz:

   i. No tiene un plan programático para darle mantenimiento a las aceras y las rampas en las esquinas de las aceras (curb ramps);

   ii. No diseña, construye o altera las aceras y las rampas en las esquinas de las aceras (curb ramps) en cumplimiento con las regulaciones federales aplicables;

   iii. Las aceras están rotas, desniveladas, resbalosas, tiene hoyos, o son muy angostas,

   iv. Las rampas en las esquinas de las aceras (curb ramps) están rotas, desniveladas, resbalosas, tiene hoyos, son muy angostas, son empinadas o sencillamente son inexistentes, lo que impide que se pueda cruzar una calle o acceder a la

6

    acera de manera segura.

  v. Las aceras y las rampas no son accesibles debido a la colocación de objetos foráneos en la acera, como letreros y postes de energía eléctrica. El Municipio de Juana Díaz tiene conocimiento histórico de estas barreras y las ha tolerado como parte de sus políticas, prácticas y procedimientos de administración pública.

13. El Demandante tiene derecho a un trato igual y al acceso igualitario a las aceras por imperativo de la Sección 504 de la Rehabilitation Act de 1973, 29 U.S.C. § 794, así como el Titulo II de la Americans with Disabilities Act, 42 U.S.C. § 12101(a)(7) ("ADA")

14. Tanto la ADA (desde el 27 de enero de 1992) como la Sección 504 (desde el 3 de junio de 1977) han requerido que siempre que un gobierno construya una nueva acera o altere una calle, camino o autopista, debe instalar rampas en las esquinas de las aceras (curb ramps) que estén en cumplimiento con la normativa federal aplicable.[6] 28 C.F.R. § 35.151(a)(1), (b)(1), (b)(4)(i)(1), (b)(4)(i)(2); 28 C.F.R. pt. 36, app. D § 10.2.1; 45 C.F.R. § 84.23(b); 36 C.F.R. pt. 1191, app. D § 810.2.3.[7]

15. El Municipio de Juana Díaz, de manera sistemática y de manera reiterativa en el tiempo, cada presupuesto, incumple

---

[6] No basta que exista cualquier rampa. Tiene que ser una rampa que cumpla con los parámetros técnicos de la reglamentación.

[7] En el siguiente enlace, en la página nueve, se ilustran y explican los requisitos aplicables a las rampas que están en las esquinas de las aceras. https://www.access-board.gov/files/ada/guides/ramps.pdf. Véase, además: https://www.ada.gov/regs2010/titleII_2010/titleII_2010_regulations.htm

7

sustancialmente con los requisitos técnicos para el diseño, construcción y alteración de aceras sujetas a su jurisdicción. Ello hace que las aceras no estén disponibles de manera igualitaria para las personas con impedimento en violación a 28 C.F.R. § 35.150(a), (b)(1); 45 C.F.R. § 84.22(a), (b). El Municipio de Juana Díaz ha fallado de manera sustancial con permitir el acceso a las aceras de manera consistente con 504. 28 C.F.R. § 35.150(c); 45 C.F.R. § 84.22(d).

16. El nivel de incumplimiento del Municipio de Juana Diaz es tan sustancial, extenso y sistemático que las personas con impedimento se encuentran en inminente riesgo de sufrir un daño como resultado de las condiciones de la acera y las rampas de las aceras. El menosprecio del Municipio de Juana Díaz a sus obligaciones estatutarias se confirma por lo siguiente:

    i. No construir y alterar las aceras y rampas de las aceras en cumplimiento;

    ii. No dar mantenimiento a las aceras y las rampas de las aceras para que haya un acceso sustancial y seguro a las aceras;

    iii. No desarrollar e implementar un proceso para la identificación de aceras o rampas de las aceras que requieren mantenimiento alteración de manera más urgente;

    iv. No desarrollar mecanismos internos y procedimientos para que se desarrollen aceras en cumplimiento con el mandato federal;

8

      v. No tomar medidas correctivas prontamente después de tener conocimiento real de situaciones en las aceras o las rampas en las aceras;

      vi. No desarrollar procedimientos administrativos, métodos, políticas, procedimiento para inspeccionar, reparar, y mantener las aceras y las rampas de las aceras de la manera requerida por el Titulo II de la ADA, incluyendo sus características accesibles, según 28 C.F.R. § 35.133.

      vii. No tomar acción correctiva con aquella rampa que ya han sido construidas de manera inconsistente con la reglamentación aplicable. Algunas de los defectos de las aceras y las rampas de las aceras son: no suficiente espacio de 36" de ancho en las aceras; pendiente (running, cross y side) que son muy inclinadas; área de aterrizaje (landing) que no provee suficiente espacio; así como otras características técnicas para que haya una transición segura desde la acera a la calle y viceversa.

17. Se cree que las prácticas discriminatorias del Municipio de Juana Díaz se han mantenido por décadas. Se cree que el Demandado ha invertido dinero en otros asuntos que no tienen que ver con cumplir el mandato federal, incluyendo actividades discrecionales estatales, a costa de los derechos de las personas con impedimento bajo las leyes federales aplicables.

18. El señor Faustino Xavier Betancourt Colon es visitante repetitivo bona fide del Municipio de Juana Díaz, su última visita al municipio fue el día 13 de enero de 2022. El Demandante

9

tiene conocimiento de la problemática histórica con las aceras del Municipio de Juana Díaz y tiene un interés bona fide en que las aceras de su pueblo sean accesibles para él, que es una persona con impedimentos, así como todas las personas que se encuentran en una posición similar. El señor Faustino Xavier Betancourt Colon sabe que provocar un encuentro directo con muchas de las aceras sería equivalente a someterse a una situación discriminatoria, con frecuencia humillante y poco segura. Es por ello por lo que él se ve desalentado con frecuencia de utilizar las aceras del municipio de manera igualitaria, segura y completa, como lo puede hacer cualquier otra persona sin impedimentos. El señor Faustino Xavier Betancourt Colón sostiene que verse desalentado de utilizar las aceras es un daño jurídico para fines de establecer su legitimación activa o *standing* para reclamar acceso completo, igualitario y seguro a las aceras. Con independencia de lo anterior, el señor Faustino Xavier Betancourt Colon sostiene su legitimación activa en sus múltiples encuentros personales y directos con aceras inaccesibles del Municipio de Juana Díaz.

19. Algunas de las aceras municipales que incumplen la reglamentación aplicable son las siguientes:

   i. En coordenadas 18.05252460061213, -66.50764191951086 se evidencia que las aceras no cuentan con rampas al final de la acera que cumplan con las medidas requeridas para permitir la movilidad de personas que se desplacen en silla de rueda, andador, scooter, bastón o que tenga dificultad de movilidad,

10

        como el Demandante, adicionalmente se encuentra un poste en toda la mitad de rampa que obstaculiza el tránsito por ella. Adicionalmente, la superficie de la acera es inestable, poco firma y potencialmente resbalosa.

ii. En coordenadas 18.052322839267703, -66.50654681087933 se puede evidenciar que hay un poste en medio de la acera que obstaculiza el libre flujo de tránsito. Además, se observa parte del asfalto esta invadido por la vegetación, lo cual es producto de la falta de mantenimiento, de igual manera, tampoco se observan rampas en las aceras. Estas condiciones dificultarían la movilización de una persona que utilice silla de rueda, andador, scooter, bastón o que tenga dificultad de movilidad, como es el caso del Demandante, esto ya que la superficie es inestable, poco firma y potencialmente resbalosa.

iii. En coordenadas 18.052218781051476, -66.50663540983868 se evidenciar la falta de aceras, la invasión de vegetación de las aceras existentes y la ausencia de rampas que permitan la adecuada movilización de una persona que utilice silla de rueda, andador, scooter, bastón o que tenga dificultad de movilidad, como es el caso del Demandante.

iv. En coordenadas 18.051922166970613, -66.5052716683474 se puede evidenciar que la aceras no cumplen con las medidas reglamentarias, que no cuentan con rampas y que en medio de ellas se encuentra un poste que impide la adecuada movilización de una persona que utilice silla de rueda, andador, scooter, bastón o que tenga dificultad de movilidad, como es el caso del

11

Demandante.

v. En coordenadas 18.051852090369728, -66.50482022756458 se evidencia la ausencia de rampas en las aceras, el deterioro de las aceras y la presencia de postes en la mitad de las aceras, que impiden la movilidad de personas que utilicen silla de rueda, andador, scooter, bastón o que tengan dificultad de movilidad, como es el caso del Demandante.

vi. En coordenadas 18.051599814370693, -66.50428955431693 se evidencia el deterioro de las aceras, su falta de mantenimiento, la presencia de postes y obstáculos que impiden la correcta movilidad, y la ausencia de rampas para personas con discapacidades que limiten su movilidad, como el Demandante.

vii. En coordenadas 18.052292040003746, -66.50418032165562 se evidencia la presencia de una rampa en la acera, pero en medio de ella se ubica un poste que impide totalmente su utilización para personas que utilicen silla de rueda, andador, scooter, bastón o que tengan dificultad de movilidad, como es el caso del Demandante.

viii. En coordenadas 18.051738173180873, -66.49747486033714, se evidencia que la vegetación ha invadido las aceras, demostrando su falta de mantenimiento, la presencia de postes que impiden la movilidad y la ausencia de rampas en las aceras para personas que utilicen silla de rueda, andador, scooter, bastón o que tengan dificultad de movilidad, como es el caso del Demandante.

ix. En coordenadas 18.051367184738147, -66.49578552083803 se evidencia que la vegetación ha invadido las aceras, demostrando

12

su falta de mantenimiento y la ausencia de rampas que permitan una adecuada movilidad a personas que utilicen silla de rueda, andador, scooter, bastón o que tengan dificultad de movilidad, como es el caso del Demandante.

x. En coordenadas 18.04940207976662, -66.49306274493635 se puede evidenciar la falta de mantenimiento de las aceras y su deplorable estado, además de la ausencia de rampas para personas. que utilicen silla de rueda, andador, scooter, bastón o que tengan dificultad de movilidad, como es el caso del Demandante

xi. En coordenadas 18.05113818553676, -66.49499672648416 se evidencia el deterioro de las aceras y su falta de mantenimiento, además de la ausencia de rampas en las aceras para personas que utilicen silla de rueda, andador, scooter, bastón o que tengan dificultad de movilidad, como es el caso del Demandante.

20. El Demandante manifiesta que, las barreras previamente señaladas son apenas una muestra del estado general de las aceras en el Municipio de Juana Díaz. Por consiguiente, las rampas que se evidencian en algunas de las esquinas del municipio no tienen la configuración adecuada por la ley aplicable, ello conlleva a considerar que no existen rampas accesibles a nivel general en el municipio.

21. El Demandante señala también tener derecho a no ser discriminados en las aceras por razón de impedimento al amparo de la Sección 504 de la Rehabilitation Act, 29 U.S.C. § 794(b) ya que el Municipio de Juana Díaz recibe fondos federales. Véase

13

<u>Willits v. City of Los Angeles</u>, 925 F. Supp. 2d. 1089, 1094 (C.D. Cal. 2013) para una discusión sobre el derecho aplicable.

22. Las actuaciones del Municipio de Juana Díaz han sido intencionales. El Municipio de Juana Díaz, de manera ponderada, ha optado por no cumplir sus obligaciones bajo la legislación federal con el propósito de utilizar los fondos en otros asuntos no esenciales, como mercadeo, fiestas y publicidad, que no tienen que ver con el cumplimiento de alguna ley federal. También se cree que el Municipio de Juana Díaz, de manera ponderada, ha optado por no cumplir sus obligaciones bajo la legislación federal motivado por una razón financiera. Se cree que el Municipio de Juana Díaz ha decidido que es más costo-efectivo pagar dinero a las personas que se accidenten en las aceras que invertir en darle cumplimiento al mandato federal. Es por ello que el Demandante ha sido víctima de discrimen intencional por parte del Municipio de Juana Díaz, lo que ha provocado que viva dificultades, incomodidades, ansiedades, sentido de aislamiento (ya que se ve desalentado de visitar lugares) y sentido de peligro. Todo esto debido al caótico estado de incumplimiento del Municipio de Juana Díaz.[8] Es por este discrimen intencional y sistemático que se solicita daños compensatorios al amparo del Título II de la ADA y la Sección

---

[8] El Demandante es consciente de que esta situación se repite en virtualmente todo Puerto Rico, pero esta acción, por razones puramente procesales y de eficiencia, se limita a Rio Grande, que es el pueblo donde ella reside. Generalmente hablando, las barreras arquitectónicas en Puerto Rico, incluyendo el gobierno estatal y el sector privado, son ciertamente un problema de fondo asociado con frecuencia a la mala planificación urbana y en ocasiones, la corrupción.

14

504 de la Rehabilitation Act.

## REMEDIOS SOLICITADOS

**POR TODO LO CUAL**, se solicita que la presente Demanda se declarada Ha Lugar y en su consecuencia se concedan los siguientes remedios:

a. Una Sentencia Declaratoria donde se afirme que el Demandado violó intencionalmente los derechos estatutarios de la Parte Demanda bajo la Rehabilitation Act y Americans with Disabilities Act, así como la correspondiente imposición de daños nominales al amparo de Uzuegbunam v. Preczewski, 592 U.S. ___ (2021), 2021 WL 850106 (March 8, 2021), a favor del Demandante.

b. Un interdicto permanente (no preliminar) al amparo del Título II de la ADA que requiera al Municipio de Juana Díaz instalar, remediar, reparar, mantener las aceras y las rampas de las aceras de Rio Juana Diaz de una manera que fácilmente utilizable y segura para las personas con limitaciones de movimiento, así como las alteraciones requeridas por imperativo de la legislación federal, 28 C.F.R. §§ 35.151(a), (b), (c) or (i); 45 C.F.R. §§ 84.22; así como un interdicto permanente disponiendo que el Municipio de Juana Díaz deberá construir todas sus aceras futuras, incluyendo las rampas de las aceras, en cumplimiento con la reglamentación aplicable, los 2010 ADA Standards for Accesible Design, o la reglamentación prevaleciente que sea más beneficiosa para las personas con discapacidades; y un interdicto permanente que obligue al Municipio de Juana Díaz a adoptar e implementar mecanismos

15

administrativos para asegurar y monitorear el cumplimiento futuro; y que este tribunal retenga jurisdicción para supervisar y monitorear el cumplimiento del Municipio con sus deberes estatutarios.

c. Daños compensatorios al amparo del Título II de la ADA y la Sección 504 de la Rehabilitation Act por el discrimen intencional que ha causado daños al Sr. Faustino Xavier Betancourt Colón por una cantidad no menor de doscientos cincuenta mil dólares.

d. Honorarios de abogado, costas y gastos de litigio al amparo de 42 U.S.C. 12205 y Rehabilitation Act y su jurisprudencia vinculante interpretativa. En la alternativa, honorarios, costas y gastos de litigio bajo las Reglas de Procedimiento Civil de Puerto Rico.

e. Cualquier otro remedio que sea justo y propio.

**SOMETIDO RESPETUOSAMENTE**.

Hoy 30 de abril de 2022.

                                       **Velez Law Group LLC**
                                       División Derechos Civiles


                                       f/José Carlos Vélez Colón
                                       Lic. José C. Vélez Colon
                                       RUA 18913
                                       Condominio Midtown
                                       421 Ave Muñoz Rivera #205
                                       San Juan, PR 00918-3115
                                       jvelez@velezlawgroup.com
                                       T.: (787)-254-8267

                                       Abogado de la Parte Demandante